FILED
January 31, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001063444

**3**

Mark T. Domeyer, Esq.
California Bar No. 135008
MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Ave., Suite 200
Costa Mesa, CA  92626
(714) 481-9100 / FAX (714) 481-9144
File No. 08-61283

Attorneys for Movant,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>ALAN LEONARD PIAZZA AND<br>ROBERTA LOUISE PIAZZA,<br><br>DEBTORS. | Case No.: 08-20663 C-7<br>Chapter 7<br>DC No. MBB-001<br><br>**Hearing –**<br>Date:  March 11, 2008<br>Time:  09:30 A.M.<br>Place:  U.S. BANKRUPTCY COURT<br>501 I Street<br>Sacramento, CA  95814<br>Courtroom 35, Dept. C, 6th Floor |

**MOVANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), its assignees and/or successor in interest ("Movant" herein), moves this Court for an Order terminating the Automatic Stay of 11 U.S.C. §362 as to Movant (and the Trustee under the Deed of Trust securing Movant's claim) so that Movant (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtors' property, generally described as **2215 Borona Way, Sacramento, CA  95833** ("Property" herein).

1  Movant alleges the value of the Property to be approximately $320,000.00 based upon
2  Schedule A-Real Property of the Debtors' Schedules. Attached hereto as **Exhibit "1"** is a copy
3  of Schedule A-Real Property of the Debtors' Schedules. Movant requests that the Court take
4  Judicial Notice, pursuant to Federal Rules of Evidence Rule 201, of the attached Exhibit as to the
5  issue of value of the subject Property.

6  There is currently a second Trust Deed upon the Property in favor of COUNTRYWIDE
7  HOME LOANS, securing a Promissory Note in an unknown original amount. The present
8  unpaid principal balance of said Note is $40,000.00 as listed on Schedule D-Creditors Holding
9  Secured Claims of the Debtors' Schedules. Attached hereto as **Exhibit "2"** is a copy of
10 Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules.

11 Movant alleges that there appears to be no equity with respect to the subject Property,
12 that Movant is not adequately protected, that the Property is not necessary for an effective
13 reorganization, and that cause exists, in that Movant is not receiving its regular monthly
14 payments, and/or that it would be unfair and inequitable to delay Movant in the foreclosure of
15 Movant's interest in the subject Property. 11 U.S.C. Section 362(d).

16 On or about January 30, 2008, Secured Creditor mailed to the Chapter 7 Trustee, John R.
17 Roberts, a letter informing the Trustee of our intention to file a Motion for Relief and request for
18 possible stipulation/abandonment. Attached hereto as **Exhibit "3"** is a true and correct copy of
19 the letter.

20 In the event neither Debtors nor Debtors' Counsel appear at a Hearing on this Motion, the
21 Court may grant relief from the Automatic Stay permitting Movant to foreclose on the subject
22 Property and obtain possession of such Property without further Hearing.

23 This Motion is made pursuant to Local Rule 4001-1. Any response must be in writing
24 and in accordance with Local Rule 9014-1(f)(1)(ii).

1  Movant alleges the value of the Property to be approximately $320,000.00 based upon
2  Schedule A-Real Property of the Debtors' Schedules. Attached hereto as **Exhibit "1"** is a copy
3  of Schedule A-Real Property of the Debtors' Schedules. Movant requests that the Court take
4  Judicial Notice, pursuant to Federal Rules of Evidence Rule 201, of the attached Exhibit as to the
5  issue of value of the subject Property.

6  There is currently a second Trust Deed upon the Property in favor of COUNTRYWIDE
7  HOME LOANS, securing a Promissory Note in an unknown original amount. The present
8  unpaid principal balance of said Note is $40,000.00 as listed on Schedule D-Creditors Holding
9  Secured Claims of the Debtors' Schedules. Attached hereto as **Exhibit "2"** is a copy of
10 Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules.

11 Movant alleges that there appears to be no equity with respect to the subject Property,
12 that Movant is not adequately protected, that the Property is not necessary for an effective
13 reorganization, and that cause exists, in that Movant is not receiving its regular monthly
14 payments, and/or that it would be unfair and inequitable to delay Movant in the foreclosure of
15 Movant's interest in the subject Property. 11 U.S.C. Section 362(d).

16 On or about January 30, 2008, Secured Creditor mailed to the Chapter 7 Trustee, John R.
17 Roberts, a letter informing the Trustee of our intention to file a Motion for Relief and request for
18 possible stipulation/abandonment. Attached hereto as **Exhibit "3"** is a true and correct copy of
19 the letter.

20 In the event neither Debtors nor Debtors' Counsel appear at a Hearing on this Motion, the
21 Court may grant relief from the Automatic Stay permitting Movant to foreclose on the subject
22 Property and obtain possession of such Property without further Hearing.

23 This Motion is made pursuant to Local Rule 4001-1. Any response must be in writing
24 and in accordance with Local Rule 9014-1(f)(1)(ii).

1  WHEREFORE, Movant prays for an order as follows:

2  (1)  For an Order granting relief from Automatic Stay, permitting Movant to move
3  ahead with Foreclosure proceedings under Movant's Trust Deed, and to sell the subject Property
4  at a Trustee's Sale under the items of said Trust Deed including necessary action to obtain
5  possession of the Property.

6  (2)  For an Order waiving the 10-day stay provided by Bankruptcy Rule 4001(a)(3).

7  (3)  For an Order binding and effective despite any conversion of this bankruptcy case.

8  (4)  For such other relief as this Court deems appropriate.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated:  1/31/08        By:  /s/ Mark T. Domeyer
                             Mark T. Domeyer, Esq.
                             Attorney for Movant

3